Joseph Diamante (JD8578)
Kenneth L. Stein (KS6592)
Richard H. An (RA1492)
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, NY 10022
Tel: (212) 891-1600

Attorneys for Defendant David A. Tropp

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------- x
                                                          :
TRAVEL SENTRY, INC.,                                      :
                                                          :
                                    Plaintiff,            :   Civil Action No.
                                                          :   1:06-cv-06415
                            v.                            :
                                                          :   Hon. Eric N. Vitaliano, U.S.D.J.
DAVID A. TROPP,                                           :   Hon. Roanne L. Mann, U.S.M.J.
                                                          :
                                    Defendant.            :
                                                          :
------------------------------------------------------------------- x
```

## <u>ANSWER AND COUNTERCLAIMS</u>

Defendant David A. Tropp ("Mr. Tropp"), by and through counsel, hereby answers the

complaint in the above action (the "Complaint") filed by plaintiff Travel Sentry, Inc. ("Travel

Sentry"). Paragraph numbers 1-12, below, correspond to the paragraph numbers of the

allegations in the Complaint to which they respond. Except as expressly admitted, all allegations

of the Complaint are denied.

## <u>PARTIES</u>

1.      Mr. Tropp is without knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 1, and, accordingly, denies same.

2.      Mr. Tropp admits that David A. Tropp resides at 165 Norfolk Street, Brooklyn, New York.

## JURISDICTION AND VENUE

3.      Mr. Tropp admits that this Court has subject matter jurisdiction to hear this action. Mr. Tropp denies Travel Sentry's allegation that his positions as to Travel Sentry's alleged infringement of United States Patent Nos. 7,021,537 and 7,036,728 is outlined in the letter from Steve Horowitz, Esq. to Travel Sentry dated November 17, 2003.  Mr. Tropp's patents had not even issued at that time.

4.      Mr. Tropp admits that venue is appropriate in this district.

5.      Mr. Tropp admits the allegations of paragraph 5.

6.      Mr. Tropp admits the allegations of paragraph 6.

7.      On information and belief, Mr. Tropp admits that (a) Travel Sentry's business includes the licensing of its travel lock system for luggage, (b) that that system uses a dual access lock, and (c) that the system allows access to the lock by the luggage owner and by TSA baggage screeners.  Except as so admitted, Mr. Tropp denies the allegations of paragraph 7.

## COUNT I

8.      Mr. Tropp denies the allegations of paragraph 8.

## COUNT II

9.      Mr. Tropp denies the allegations of paragraph 9.

10.     Mr. Tropp denies the allegations of paragraph 10.

## COUNT III

11.     Mr. Tropp denies the allegations of paragraph 11.

12.     Mr. Tropp denies the allegations of paragraph 12.

## DEFENSES

As for its defenses to the Complaint, Mr. Tropp alleges as follows:

## FIRST DEFENSE

13.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

14.     Travel Sentry has failed to plead with particularity the circumstances that it alleges constitute inequitable conduct, as required by Federal Rule of Civil Procedure 9(b).

## COUNTERCLAIMS

For its Counterclaims against Travel Sentry, Mr. Tropp alleges as follows:

## PARTIES

15.     David A. Tropp is an individual residing at 165 Norfolk Street, Brooklyn, New York.

16.     According to the Complaint, Travel Sentry is a Florida corporation, having its principal place of business at 19 Deer Meadow Road, Durham, N.H. 03824.

## JURISDICTION

17.     This Court has jurisdiction over Mr. Tropp's counterclaim pursuant to 28 U.S.C. § 1338, as it involves claims arising under the patent laws of the United States.

## BACKGROUND

18.     Due to the threat of terrorism and other safety reasons, in the weeks prior to January 1, 2003, the Transportation Security Administration ("TSA"), a division of the United States Department of Homeland Security, announced that if a TSA luggage screener at a United States airport is unable to open a traveler's luggage for inspection because it is locked, that

screener may clip or break open the luggage lock.  While this plainly is intended to promote

safety, it results in travelers' luggage being rendered "unlockable" after the inspection process.

19.     Recognizing the limitation of the above inspection process, in late 2002, David A.

Tropp, 21-years-old at the time, developed an innovative system for making airline luggage

inspection secure while accommodating the needs of the traveler, in which dual access locks that

can be opened by the luggage owner and the TSA are provided to consumers, as more

particularly described and claimed in United States Patent Nos. 7,021,537 ("the '537 patent")

and 7,036,728 ("the '728 patents).

<u>Mr. Tropp's Patents</u>

20.     Mr. Tropp subsequently applied for, and was granted, patents protecting his novel

idea.  In particular, on April 4, 2006, the United States Patent & Trademark Office duly and

properly issued to Mr. Tropp United States Patent No. 7,021,537, entitled "Method of Improving

Airline Luggage Inspection," to Mr. Tropp.  A copy of the '537 patent was attached as Exhibit B

to the Complaint.

21.     On May 2, 2006, the United States Patent & Trademark Office duly and properly

issued to Mr. Tropp a second patent, United States Patent No. 7,036,728, entitled "Method of

Improving Airline Luggage Inspection," to Mr. Tropp.  A copy of the '728 patent was attached

as Exhibit C to the Complaint.

22.     Mr. Tropp owns all right, title, and interest in and to the '537 and '728 patents.

23.     Through his company Safe Skies, LLC ("Safe Skies"), Mr. Tropp makes his

patented system available to the public.

24.     On information and belief, Travel Sentry's business includes the marketing and licensing of its travel lock system for luggage.  That system uses a dual access lock that can be opened by the luggage owner and by TSA baggage screeners.

25.     On information and belief, Travel Sentry's travel lock system is identical to the one developed and patented by Mr. Tropp and infringes the '537 and '728 patents.

## COUNT I

### INFRINGEMENT OF THE '537 PATENT

26.     Each allegation contained in paragraphs 15-25 above is incorporated herein by reference as if fully set forth herein.

27.     Travel Sentry has infringed the '537 patent by making its travel lock system for luggage available to consumers, directly and/or through its licensees.

28.     Travel Sentry's infringement of the '537 patent has been willful, deliberate, and with full knowledge and disregard of Mr. Tropp's rights thereunder.

29.     Travel Sentry is a direct competitor of Mr. Tropp's company, Safe Skies.  Travel Sentry's infringement has caused irreparable injury and damage to Mr. Tropp for which Mr. Tropp has no adequate remedy at law.

## COUNT II

### INFRINGEMENT OF THE '728 PATENT

30.     Each allegation contained in paragraphs 15-29 above is incorporated herein by reference as though fully set forth herein.

31.     Travel Sentry has infringed the '728 patent by making its travel lock system for luggage available to consumers, directly and/or through its licensees.

32.     Travel Sentry's infringement of the '728 patent has been willful, deliberate, and with full knowledge and disregard of Mr. Tropp's rights thereunder.

33.     Travel Sentry is a direct competitor of Mr. Tropp's company, Safe Skies.  Travel Sentry's infringement has caused irreparable injury and damage to Mr. Tropp for which Mr. Tropp has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, defendant/counter-claimant Mr. Tropp denies that Travel Sentry is entitled to any of the relief demanded in Travel Sentry's Complaint and respectfully requests that this Court enter judgment:

A.     Dismissing with prejudice all claims of Travel Sentry;

B.     Finding, declaring, and adjudging that Travel Sentry has infringed the '537 and '728 patents;

C.     Preliminarily and permanently enjoining Travel Sentry and its principals, shareholders, officers, directors, employees, successors, assigns, suppliers, agents, servants and attorneys, and all those persons in active concert, participation or privity with them, or any of them, from infringing the '537 and '728 patents;

D.     Awarding Mr. Tropp compensatory damages as provided by law for Travel Sentry's infringement, including, but not limited to an award of prejudgment interest, a reasonable royalty, and/or lost profits;

E.     Awarding Mr. Tropp, pursuant to 35 U.S.C. § 284, increased damages in the amount of three times the amount found or assessed, for the deliberate and willful nature of Travel Sentry's infringement;

F.      Awarding Mr. Tropp, pursuant to 35 U.S.C. § 285, his costs (including expert

fees), disbursements, and reasonable attorneys' fees incurred in preparing for and pursuing this

action; and

G.      Granting such other and further relief as this Court may deem just and proper.


**<u>JURY DEMAND</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Tropp requests a trial by jury.


                                        Respectfully submitted,

Dated:  January 5, 2007                 */s/ Richard H. An*
                                        Joseph Diamante (JD8578)
                                        Kenneth L. Stein (KS6592)
                                        Richard H. An (RA1492)
                                        JENNER & BLOCK LLP
                                        919 Third Ave., 37th Floor
                                        New York, N.Y. 10022
                                        Ph:  (212) 891-1600
                                        Fax: (212) 891-1699
                                        ran@jenner.com

                                        Attorneys for Defendant David A. Tropp

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 5th day of January 2007, the foregoing **ANSWER TO COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

> Andrew T. Hahn, Esq.
> James S. Yu, Esq.
> Seyfarth Shaw LLP
> 1270 Avenue of the Americas
> Suite 2500
> New York, N.Y. 10020
> **Attorneys for Plaintiff**

> */s/ Richard H. An*