UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TRAVEL SENTRY, INC.,

        Plaintiff,

-against-

DAVID TROPP,

        Defendant.

-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

06-CV-6415 (ENV) (RLM)

**VITALIANO, D.J.**

On September 10, 2010, this Court issued a Memorandum & Order granting plaintiff Travel Sentry's motion for summary judgment on its declaratory claim for noninfringement of the patents in suit owned by defendant David Tropp.[1] Travel Sentry has now moved for attorney's fees and costs pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927. For the reasons that follow, the motion for attorney's fees is denied.

**I. DISCUSSION**

At the conclusion of a patent case, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "Exceptional cases" are limited to those involving "inequitable conduct before the [Patent and Trademark Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; [or] a frivolous suit or willful infringement." Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022,

---

[1] Travel Sentry, Inc. v. Tropp, 736 F. Supp. 2d 623 (E.D.N.Y. 2010). Familiarity with the factual and procedural background of this case is presumed. See id.

1

1034 (Fed. Cir. 2002).[2] A showing of vexatious or frivolous litigation requires the existence of two factors: "(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). Since "there is a presumption that an assertion of infringement of a duly granted patent is made in good faith . . . [c]lear and convincing evidence is required to overcome that presumption and show that the patentee's infringement claims were vexatious, unjustified, or frivolous, and were pursued in bad faith." Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH, 603 F.3d 943, 954 (Fed. Cir. 2010) (citations omitted).

Travel Sentry fails to carry its burden. The Court finds no evidence of subjective bad faith by Tropp in bringing his counterclaim for infringement,[3] and this alone warrants denial of Travel Sentry's motion under section 285. Yet even if Travel Sentry could show subjective bad faith, it fails to present clear and convincing evidence in support of its contention that the counterclaim was objectively baseless in the wake of the Federal Circuit's clarification of the standard for joint infringement of method patents in BMC Resources, Inc. v. Paymentech, L.P., 498 F.3d 1373 (Fed. Cir. 2007). BMC held that liability for joint infringement of a method patent adheres only to a "mastermind," a party who "control[led] or direct[ed] each step of the patented process," rather than parties who engaged in "arms-length cooperation." Id. at 1380-81. The court did not provide a definition of "control or direction," but notably, it relied on the lower court's finding that patentee BMC failed to present evidence that the accused mastermind

---

[2] Travel Sentry does not allege inequitable conduct or litigation misconduct, and Tropp is the patentee rather than the accused infringer.

[3] None of Tropp's conduct prior to litigation is relevant to this inquiry. See Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1329 (Fed. Cir. 2003) (refusing "to expand the scope of the statutory term 'exceptional'" to include "a patentee's bad-faith business conduct toward an accused infringer prior to litigation").

2

provided "instructions or directions" to the third parties it allegedly controlled, affirming summary judgment against BMC. Id. at 1381-82. Moreover, the court noted that BMC had also failed to provide "evidence even of a contractual relationship" between the alleged mastermind and third parties. Id. at 1382. BMC thus suggested that instructions, directions, or a contractual relationship could provide sufficient evidence for the holder of a method patent to survive summary judgment on a theory of joint infringement, or at the very least, it left the question open. As for Tropp, he contended that Travel Sentry and the Transportation Safety Administration ("TSA") had a contractual relationship and that Travel Sentry provided instructions and directions to TSA regarding the use of the Travel Sentry system. Accordingly, the BMC standard did not create the kind of bright-line rule that could have rendered Tropp's infringement claim objectively baseless. Tropp still had at least a plausible basis to argue that Travel Sentry committed infringement under the "mastermind" standard of BMC, even though that argument was ultimately unpersuasive.[4] See Medtronic Navigation, 603 F.3d at 957 (reversing an exceptional case finding where the losing party's position on summary judgment was "not unreasonable even though it did not ultimately prevail").

---

[4] Tropp's argument failed in part because of the cases that followed BMC. See Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1330 (Fed. Cir. 2008) ("That [the alleged mastermind] controls access to its system and instructs [third parties] on its use is not sufficient to incur liability for direct infringement."); Global Patent Holdings, LLC v. Panthers BHRC LLC, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) (holding that "the third party must perform the steps of the patented process by virtue of a contractual obligation or other relationship that gives rise to vicarious liability in order for a court to find 'direction or control'") (quoting BMC, 498 F.3d at 1382), aff'd 318 F. App'x 908 (Fed. Cir. 2009) (per curiam). Yet even these cases left room for Tropp to make an argument in opposition to summary judgment that was not objectively baseless. Citing and addressing BMC, Muniauction, and Global Patent Holdings, Tropp argued that the Memorandum of Understanding between Travel Sentry and TSA evinced a contractual relationship between the two, and that Travel Sentry's development of the unlocking procedure and master keys made it the "mastermind" of the accused infringement. Though the Court found this argument unpersuasive, it was not objectively baseless.

Travel Sentry's claim for attorneys' fees under 28 U.S.C. § 1927 is similarly unavailing. A court may sanction any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" by requiring them "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An award under § 1927 requires "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith — that is, 'motivated by improper purposes such as harassment or delay.'" Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999)).[5] The Second Circuit interprets this "bad faith" standard "restrictively," requiring "*a high degree of specificity in the factual findings*" of the district court. Eisemann, 204 F.3d at 396 (quoting Dow Chem. Pac. Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 344 (2d Cir. 1986)).

Travel Sentry is unable to satisfy any of the requirements of an award under § 1927. First, as to colorability, "[a] claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78-79 (2d Cir. 2000). As discussed supra, Tropp's claims had at least some legal and factual support, even though that support was insufficient for him to prevail in his opposition to summary judgment. See Schlaifer Nance, 194 F.3d at 337 (explaining "that a claim that fails as a matter of law is not necessarily lacking *any* basis at all"). Second, as to bad faith, Travel Sentry's argument hinges again on the fact that Tropp's counsel continued litigating after the publication of the Federal Circuit's decision in BMC. Yet the Court finds no evidence that Tropp's counsel was motivated by a desire for harassment or delay. On

---

[5] In a patent case, a district court applies the law of its circuit to nonpatent issues and the law of the Federal Circuit to substantive issues of patent law. See Invitrogen Corp. v. Biocrest Mfg., L.P., 424 F.3d 1374, 1378-79 (Fed Cir. 2005).

4

the contrary, the only finding of improper litigation conduct in this case was against Travel Sentry and its counsel, which were sanctioned for knowingly withholding certain documents generated by the TSA and misleading the Court about the status of those documents. See Travel Sentry, Inc. v. Tropp, 669 F. Supp. 2d 279, 285-87 (E.D.N.Y. 2009) (affirming report and recommendation sanctioning Travel Sentry and its counsel for discovery misconduct).[6] As a result, Travel Sentry's motion for fees under 28 U.S.C. § 1927 is denied.

## II. CONCLUSION

For the foregoing reasons, Travel Sentry's motion for attorney's fees is denied.

The Clerk shall otherwise tax costs in the ordinary course. The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2011

s/ENV

_____
ERIC N. VITALIANO
United States District Judge

---

[6] Indeed, it is clear that, even after the BMC decision was issued, Travel Sentry thought enough of Tropp's infringement case that it sought to conceal the TSA documents both from Tropp and from the Court. This fact eviscerates Travel Sentry's contention that Tropp's infringement arguments were objectively baseless or failed to raise a colorable claim.