UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRAVEL SENTRY, INC.,

                              **Plaintiff,**

        -against-

**DAVID A. TROPP,**

                              **Defendant.**
------------------------------------------------------------------x
**DAVID A. TROPP,**

                              **Plaintiff,**

        -against-

**CONAIR CORP., et al.,**

                              **Defendants.**
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**06-CV-6415 (ENV)**

**08-CV-4446 (ENV)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        The Court is in receipt of David Tropp's renewed request for yet another extension of discovery in the above two cases, see Motion for Extension of Time (May 22, 2013) ("Tropp Motion"), Electronic Case Filing Docket Entry ("DE") #289,[1] as well as the response of Travel Sentry and the *Conair* defendants (other than Wordlock, Inc.), which response is set forth in an email attached to the pending motion.  See id. Ex. 2 ("5/20/13 Email") (stating that "the relief Tropp is requesting is unnecessary," and requesting that any renewed motion include the email, "which will serve as Defendants' opposition thereto").

        Tropp's application to extend discovery is based on his assumption, purportedly drawn

---

[1] All document entry references are to the second-filed case, Tropp v. Conair Corp., 08-CV-4446(ENV).

from an obscure decision out of the Southern District New York, that a judicially-imposed deadline for discovery automatically requires that all discovery disputes be presented to the Court by that deadline.[2]  See Tropp Motion at 2-3.  Tropp cites no rule or anything in the record to support his interpretation, which, as defendants note, appears to be "simply a back door effort to extend the discovery schedule."  5/20/13 Email.  That said, the Court will not tolerate any undue delays on the part of Tropp or any other party in seeking to resolve their discovery disputes.

Tropp's motion to extend the discovery and briefing schedule is denied.

**SO ORDERED.**

**Dated:** Brooklyn, New York
May 22, 2013

/s/ Roanne L. Mann

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**

---

[2]  The only decision cited by Tropp, Elliott v. City of New York, 06-CV-296 (RPP), 2009 WL 2972987 (S.D.N.Y. Sept. 17, 2009), does not stand for the broad principle Tropp espouses and has never been cited by any court or commentator for that principle; in fact, the Court's Westlaw search reveals that it has only been cited once, and for an entirely different point.