UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRAVEL SENTRY, INC.,

                         Plaintiff,

    -against-

DAVID A. TROPP,

                        Defendant.
-----------------------------------------------------------x

MEMORANDUM & ORDER

06-cv-6415 (ENV) (RLM)

VITALIANO, D.J.,

On June 19, 2016, this Court issued a Memorandum & Order (1) granting plaintiff Travel Sentry's motion for summary judgment on its declaratory claim of noninfringement of the patents in suit owned by defendant David Tropp; (2) denying Tropp's cross-motion for summary judgment finding infringement; and (3) denying a motion to strike. ECF Dkt. No. 246; *Travel Sentry, Inc. v. Tropp*, No. 06-CV-6415 (ENV) (RLM), --- F. Supp. 3d ----, 2016 WL 3640645, at *1 (E.D.N.Y. June 29, 2016). Travel Sentry has now moved, in yet another redux, for attorney's fees and costs, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927. Though technically not the renewal of a prior motion, it is the second time Travel Sentry has prevailed at the trial level, and the second time it has sought attorney's fees. *See* ECF Dkt. No. 164. For the reasons that follow, the motion for attorney's fees is once again denied, and, in principal part, for the same reasons as before.

### Discussion

At the conclusion of a patent case, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Under prior caselaw, "[e]xceptional cases" were limited to those involving "inequitable conduct before the [Patent and

1

Trademark Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; [or] a frivolous suit or willful infringement." *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002) (citing *Hoffmann–La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1365 (Fed. Cir. 2000). A showing of vexatious or frivolous litigation required the existence of two factors: "(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citations omitted). However, since the time the prior attorney's fees motion was determined, the Supreme Court decided *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, --- U.S. ---, 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014). In *Octane Fitness*, the Court abrogated *Brooks Furniture* and held that the presence of *either* bad faith *or* exceptionally meritless claims could warrant an award of fees. *Id.* at 1757. The Court also redefined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. Finally, it rejected the "clear and convincing" evidence standard for a lower "preponderance of the evidence" standard. *Id.* at 1758.

Travel Sentry fails to vault over even *Octane Fitness*'s lower bar. The law of divided infringement has shifted repeatedly over the past several years, as evidenced by the fitful path of *Akamai Techs., Inc. v. Limelight Networks, Inc.* ("*Akamai V*"), 797 F.3d 1020, 1022 (Fed. Cir. 2015) (*en banc*) (cert. denied, *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 136 S. Ct. 1661 (2016)). Moreover, "courts continue to hold claims of baselessness to a high bar." *Small v. Implant Direct Mfg. LLC*, No. 06-CV-683 (NRB), 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014), *aff'd*, 609 F. App'x 650 (Fed. Cir. 2015). "Mere assertions that a party's arguments were

without merit are generally unavailing; rather, courts are more likely to award fees where a party knew or willfully ignored evidence of his claims' meritlessness, where such meritlessness could have been discovered by basic pre-trial investigation, or where such meritlessness is made clear to the court early in the litigation." *Id.* (collecting cases).

None of the factors articulated in what appears to be a more relaxed approach are present here. Tropp still had at least a plausible basis to argue that Travel Sentry was guilty of infringement under the new "conditioning participation" theory propounded in *Akamai V*, untested at the time of briefing, even though that argument was ultimately unpersuasive. Neither was the matter unreasonably litigated. This Court, in fact, sought supplemental briefing on the impact of *Akamai V*, and permitted Tropp to advance his argument of infringement based on that decision's marginally expanded divided infringement test. Even by a preponderance of the evidence, Travel Sentry cannot show that these claims, which were of first impression in this district, were patently meritless or unreasonably litigated.

Nor is there any basis for Travel Sentry's claim for attorney's fees under 28 U.S.C. § 1927. These standards remain unchanged from the original motion for fees.[1] As before, and for the same reasons as discussed above, Travel Sentry is unable to satisfy any of the prerequisites for an award under § 1927. Tropp's infringement motion, though ultimately unsuccessful, was made on court permission and had some factual and legal support to blaze untrodden trail.

---

[1] A court may sanction any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" by requiring them "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An award under § 1927 must be based on "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith — that is, 'motivated by improper purposes such as harassment or delay.'" *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).

Again, there is no evidence of weight that Tropp's counsel was motivated by a desire to harass or delay.

## Conclusion

For the foregoing reasons, Travel Sentry's motion for attorney's fees is denied.

The Clerk of Court shall otherwise tax costs in the ordinary course.

So Ordered.

Dated: Brooklyn, New York
August 19, 2016

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge