**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
**TRAVEL SENTRY, INC.,**                          **MEMORANDUM AND ORDER**

                **Plaintiff,**

        -against-                              **06-CV-06415 (ENV)**

**DAVID TROPP,**

                **Defendant.**
-----------------------------------------------------------------------x
**DAVID TROPP,**

                **Plaintiff,**

        -against-                              **08-CV-04446 (ENV)**

**CONAIR CORP., ET AL.,**

                **Defendants.**
-----------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      In the parties' most recent filings, they debate the issue of whether discovery should be reopened in advance of yet another round of dispositive motions. See [Tropp's] Letter Pursuant to Court's February 1, 2019 Order (Feb. 8, 2019) ("Tropp Letter"), DE #271 in 06-CV-6415, DE #396 in 08-CV-4446; Letter in Response to David Tropp's Letter (Feb. 15, 2019) ("TSI/*Conair* Letter"), DE #272 in 06-CV-6415, DE #397 in 08-CV-4446. David Tropp (the defendant in 06-CV-6415 and plaintiff in 08-CV-4446) seeks "specific documents and information created after [the] close of discovery" in the two above-captioned cases, Tropp Letter at 1, and requests "4-6 months for such discovery[,]" id. at 7, to precede the briefing of summary judgment motions, see id. at 5. Travel Sentry, Inc. ("TSI") (the plaintiff in 06-CV-

6415) and the remaining defendants in 08-CV-4446 (the "*Conair* defendants") oppose any additional discovery, claiming that "Tropp does not need this information to address the legal issues on summary judgment[,]" TSI/*Conair* Letter at 2, and that Tropp thus has not shown good cause to reopen discovery, see id. at 4.

The Court declines the invitation of TSI and the *Conair* defendants to attempt to predict whether supplemental discovery, concerning matters occurring in the nearly six years since discovery last closed on May 28, 2013, will be needed in connection with the next round of summary judgment motions. Back in 2013, this Court was faced with a similar dispute, following the first remand of the litigation from the Federal Circuit. At that time, this Court reopened fact discovery for a 6½-week period, to afford the parties time "to serve and discover information concerning events occurring since the District Court ruled on the [initial] motions for summary judgment in 2010." Memorandum and Order (Apr. 17, 2013) at 3, DE #183 in 06-CV-6415, DE #278 in 08-CV-4446. The Court sees no reason to reach a different conclusion at this time. Therefore, the parties are directed to supplement their previous discovery responses by March 19, 2019, see id. at 3, and the Court, in its discretion, reopens fact discovery, to proceed on an expedited basis, until April 26, 2019, for the limited purpose of allowing the parties to discover documents and information concerning events occurring since May 28, 2013. To the extent that TSI and the *Conair* defendants perceive no need for supplemental discovery from Tropp, they may of course decline to serve discovery demands. As for Tropp, in order to prevent the abuse of this limited opportunity to obtain supplemental discovery, Tropp's demands must be narrowly drawn to fall within the categories outlined in

his February 8th letter to the Court. See Tropp Letter at 1-2.[1]

Consistent with its ruling in 2013, see Memorandum and Order (Mar. 20, 2013) at 3, DE #179 in 06-CV-6415, DE #273 in 08-CV-4446, the Court declines to reopen expert discovery prior to the resolution of the upcoming dispositive motions. Nevertheless, this ruling does not preclude Tropp, in opposing summary judgment, from proffering expert opinions that reference newly exchanged supplemental discovery.

For the foregoing reasons, the parties are directed to supplement their discovery responses by March 19, 2019, and fact discovery is reopened on an expedited basis until April 26, 2019, limited to events transpiring since May 28, 2013. The parties need not seek a premotion conference before moving for summary judgment; the Court sets the following summary judgment briefing schedule: opening motions, supporting briefs, and statements of undisputed facts must be served on or before May 17, 2019; opposition briefs and any counter-statements of undisputed facts must be served on or before June 17, 2019; reply briefs, if any, as well as all of the aforesaid papers, must be docketed into the court file by July 8, 2019.

**Dated: Brooklyn, New York**
      **March 4, 2019**

                              /s/ *Roanne L. Mann*
                              **ROANNE L. MANN**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] Tropp's request that motions practice follow a four-to-six-month period of reopened discovery is patently excessive and flies in the face of Tropp's December 7, 2018 request that briefing "be expedited and proceed in parallel with the additional expedited discovery requested by Mr. Tropp[.]" [Joint] Status Report (Dec. 7, 2018) at 6, DE #388 in 08-CV-4446.